IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **WILLIAM CHARLES GRAHAM,** | |
| **Petitioner,** | |
| v. | Case No. 3:25-CV-00158-NJR<br>Case No. 3:25-CV-00559-NJR |
| **T. LILLARD,**<br>Warden, FCI Greenville, | |
| **Respondent.** | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court are two Petitions for Writ of Habeas Corpus Under 28 U.S.C. § 2241[1] filed in two separate actions by Petitioner William Charles Graham. Pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts, upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) authorizes district courts to apply the Rules to other habeas corpus cases. Upon conducting preliminary review of Graham's Petitions, the Court concludes that both cases must be dismissed, and additional sanctions must be imposed.

## BACKGROUND

On July 16, 2019, Graham was indicted in the United States District Court for the

---

[1] In Case No. 3:25-CV-00158-NJR, Graham filed an Amended Petition (Doc. 3), and in Case No. 3:25-CV-00559-NJR, Graham filed an original Petition (Doc. 1). This Order will be filed in both actions.

District of Minnesota for Interference with Commerce by Robbery in violation of 18 U.S.C. §§ 2 and 1951 (Count 1) and Using, Carrying and Brandishing a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(ii) (Count 2). *United States v. Graham*, No. 0:19-CR-00185-SRN-KMM-2,[2] at Doc. 1. Following a bench trial, Graham was convicted on both counts of the Indictment. *Id.* at Doc. 258. He was sentenced to 210 months' imprisonment on Count 1 and 84 months on Count 2, to be served consecutively, for a total term of 294 months' imprisonment. *Id.* at Doc. 489. Graham appealed his judgment, but the appeal was dismissed by the Eighth Circuit due to his failure to prosecute. *Id.* at Doc. 601.[3]

Since then, Graham has relentlessly attempted to attack his conviction and sentence through collateral means. He filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, which was denied by the District Court of Minnesota and affirmed by the Eighth Circuit Court of Appeals. *Id.* at Doc. 677, 690. On four occasions, he has requested permission to file successive § 2255 petitions, all of which have been denied by the Eighth Circuit. *Id.* at Docs. 735, 751, 778, 815. In this District alone, Graham has filed 16 petitions under § 2241—10 of which were filed in the first half of this year. Outside of this District, Graham has filed at least 15 additional habeas petitions challenging his criminal proceedings, as well as his convictions and sentence, in the District of Minnesota and the Eastern District of Kentucky.[4] With the exception of the

---

[2] Graham and his co-defendant Ronald Jermaine Jackson were indicted and tried in the same case.
[3] *United States v. Graham*, No. 21-2452 (8th Cir. Nov. 3, 2021).
[4] *Graham v. Lillard*, Case No. 3:24-cv-2071-DWD (S.D. Ill. Oct. 7, 2024) (listing every habeas case filed by Graham in district courts within Minnesota and Kentucky in footnotes 3 and 4).

petitions which have not yet been screened, all of Graham's § 2241 claims have been summarily rejected as not cognizable under § 2241, as procedurally improper, for lacking merit, or for failure to prosecute.

Graham raises virtually identical arguments in each petition. In the two pending cases before the Court, as in the others, Graham asserts he is being held in the Bureau of Prisons without a properly drawn Fourth Amendment warrant, his sentence is void for want of jurisdiction because his charges were not presented in an Indictment of a Grand Jury, the same offense conduct was used to support both Count 1 and Count 2 of the Indictment, in violation of the Double Jeopardy clause, and he was sentenced on different charges than were listed in his Indictment, in violation of his constitutional rights.[5]

In January, District Judge J. Phil Gilbert sanctioned Graham for repeatedly filing meritless—and after *Jones v. Hendrix*, frivolous—§ 2241 petitions. *Graham v. Lillard*, Case No. 3:24-cv-2626-JPG (S.D. Ill. Jan. 5, 2025). Judge Gilbert imposed a monetary sanction, warned that an equal fine would be imposed for each additional frivolous habeas petition, required Graham to attach a copy of the sanctions order to any future petition, and ordered the Clerk's Office to return unfiled any document, other than the original petition, submitted by Graham in a habeas case prior to completion of preliminary review. *Id.* at Doc. 11. In accordance with Judge Gilbert's January 2025 order, Graham has received equal sanctions for additional frivolous § 2241 petitions.[6]

---

[5] All of these arguments are raised in Graham's original and amended petitions in Case No. 3:25-CV-00158-NJR. (Docs. 1, 3). They are also raised in Graham's petition in Case No. 3:25-CV-00559-NJR. (Doc. 1).
[6] *See Graham v. Lillard,* No. 3:25-cv-00696-JPG (S.D. Ill. Apr. 24, 2025); *Graham v. Lillard,* No. 3:25-cv-00690-DWD (S.D. Ill. Apr. 28, 2025)

## DISCUSSION

An inmate may bring a petition under 28 U.S.C. § 2241 to challenge the fact or duration of his confinement or the execution of his sentence. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973); *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998). But if the inmate is claiming his sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, he must file a motion under 28 U.S.C. § 2255. Such a collateral challenge to a sentence must be made in the district of the inmate's conviction. *Franklin v. Keyes*, 30 F.4th 634, 638 (7th Cir. 2022) ("A § 2255 motion is the default—and usually the exclusive—vehicle for federal prisoners to seek collateral relief."); *Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019).

Furthermore, a prisoner is limited to one § 2255 motion and may only be permitted to file a second or successive motion if there is "newly discovered evidence" or "a new rule of constitutional law." 28 U.S.C. § 2255(h). Prisoners cannot use § 2241 as an end-run around this requirement. *Jones v. Hendrix*, 599 U.S. 465, 477 (2023). "Because § 2255 is the ordinary vehicle for a collateral attack on a federal sentence, the straightforward negative inference from § 2255(h) is that a second or successive collateral attack on a federal sentence is not authorized unless one of those two conditions is satisfied." *Id.* at 477-78.

As five judges in this district, including the undersigned Chief District Judge, have explained, Graham's arguments that his sentence was imposed in violation of the Constitution and that the district court was without jurisdiction to impose his sentence

must be brought in a § 2255 motion. The relief he is seeking is not available under § 2241.[7]

Graham has been informed of these requirements numerous times in this District alone as 10 of his § 2241 petitions have been dismissed here, including one by the undersigned Chief District Judge. Yet, he continues to file petition after petition, undeterred by the Court's warnings, unfazed by the prior rejections of his arguments, and unaffected by Judge Gilbert's issuance of sanctions.

The Court must put an end to this. Due to the constant barrage of meritless, duplicative, and frivolous § 2241 petitions, the Court will impose the sanctions endorsed by the Seventh Circuit in *Alexander v. United States*, 121 F.3d 312 (7th Cir. 1997). Judge David W. Dugan previously warned Graham that sanctions consistent with *Alexander* could result if he did not refrain from filing frivolous and duplicative pleadings. *Graham v. Lillard,* No. 3:24-cv-02071-DWD (S.D. Ill. Oct. 7, 2024). Graham ignored this warning. Then, as detailed above, Judge Gilbert posed monetary sanctions and warned Graham against continuing to file frivolous petitions. Graham also ignored that warning.

Finding Graham undeterred by lesser sanctions, the Court imposes the sanctions imagined in *Alexander*: any future habeas corpus petition filed by Graham will be deemed rejected, without the need for judicial action, 30 days after its filing, unless the court orders otherwise. *See Alexander v. United States*, 121 F.3d 312, 315 (7th Cir. 1997). If Graham

---

[7] To the extent Graham's argument that he was detained without a valid Fourth Amendment warrant falls within the province of § 2241, the record reflects that Graham was arrested on a validly issued warrant based on the Indictment that was returned by a Grand Jury. *United States v. Graham*, Case No. 0:19-cr-185-SRN-KMM-2, at Docs. 1, 4, 15. Graham was then detained in the custody of the U.S. Marshal following a detention hearing. *Id.* at Docs. 19, 20, 26, 28. Graham remained validly detained by the U.S. Marshal throughout trial and sentencing, after which he entered BOP custody. *Id.* at Doc. 489.

files a future habeas petition, it will be read and reviewed, though an order may not necessarily be entered addressing it. If no order is entered within 30 days of filing, the petition will be deemed rejected, and the case will be closed.

"Courts have inherent powers to protect themselves from vexatious litigation." *Id*. at 316 (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991)). The Court must rely on those powers now. The sanction as outlined by the Court will "reduce the burden of paper-moving and explanation-writing, conserving a little judicial time for litigants who deserve attention." *Id.* at 315.

## CONCLUSION

For these reasons, the Amended Petition (Doc. 3) in Case No. 3:25-CV-00158-NJR, and the original Petition (Doc. 1) in Case No. 3:25-CV-00559-NJR filed under 28 U.S.C. § 2241 by Petitioner William Charles Graham are **DISMISSED with prejudice**.

Graham is **SANCTIONED** as follows:

Any further habeas corpus petitions filed by Graham will be deemed rejected 30 days after their filing unless the Court orders otherwise. If, despite this sanction, Graham opens another habeas action, he must attach this Order to any petition he files.

The Clerk of Court is **DIRECTED** to enter judgment accordingly.

## NOTICE

It is not necessary for a petitioner to obtain a certificate of appealability from the disposition of a § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000). If Graham wishes to appeal the dismissal of this action, he must file a notice of appeal with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(B)(iii). Graham

must list each issue he intends to appeal in the notice of appeal and in his motion for leave to appeal *in forma pauperis*, if he chooses to file one. *See* FED. R. APP. P. 24(a)(1)(C). If Graham chooses to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than 28 days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal, unless filed within the time allowed for filing a motion under Rule 59. FED. R. APP. P. 4(a)(4)(A)(vi).

**IT IS SO ORDERED.**

DATED:   July 14, 2025

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**